[Civ. No. 20662. Third Dist. Dec. 16, 1981.]

KENNETH M. WELLS, as Public Defender, etc., Petitioner, v. THE MUNICIPAL COURT FOR THE SACRAMENTO JUDICIAL DISTRICT OF SACRAMENTO COUNTY, Respondent.

COUNSEL

Kenneth M. Wells, Public Defender, and Everett J. Avila, Assistant Public Defender, for Petitioner.

Jeff Brown, Public Defender (San Francisco), and Noel Marcovecchio, Deputy Public Defender, as Amicis Curiae on behalf of Petitioner.

L. B. Elam, County Counsel, and Thomas A. Darling, Deputy County Counsel, for Respondent.

OPINION

CARR, J.—By petition for writ of prohibition the Sacramento County Public Defender, Kenneth M. Wells, challenges the validity of sentencing guidelines established by respondent, Municipal Court of Sacramento, for use in cases of prostitution and drunk driving.

Petitioner contends the guidelines are: (1) mandatory but even if discretionary are unconstitutional in application; (2) violative of due process as they are mechanistic and contravene a nonmandatory sentencing scheme established by the Legislature; (3) contrary to statutory law; and (4) legislation by a judicial body.

Respondent argues, inter alia, that petitioner, in his official capacity, lacks legal authority to file this action, as he is representing no particular person and essentially seeks an advisory opinion. We agree.

The duties of the Sacramento County Public Defender are contained in Sacramento County Code section 2.54.050[1] which directs that he defend "any person" financially unable to employ counsel and who is charged with a crime. That ordinance parallels Government Code sec-

---

[1]Sacramento County Code section 2.54.050 reads as follows: "Upon request of the defendant and upon order of the court, the public defender shall defend, without expense to the defendant, any person who is not financially able to employ counsel and who is charged with the commission of any contempt, misdemeanor triable in the Superior Court, or felony. The public defender shall, upon request, give counsel and advice to such person about any such charge against him upon which the public defender is conducting the defense, and shall prosecute all appeals to a higher court or courts of any person who has been convicted in the Superior Court, where, in his own opinion, the appeal will or might reasonably be expected to result in the reversal or modification of the judgment of conviction."

tion 27706, subdivision (a).[2] Both the ordinance and the statute specify the official scope of the public defender's duties as being limited to acting on behalf of a specific individual in a particular matter. The public defender's duties arise only upon request of the defendant or request or order of the court. (Cf. *In re Brindle* (1979) 91 Cal.App.3d 660, 673 [154 Cal.Rptr. 563].)

Under the remaining subdivisions of Government Code section 27706, the public defender is authorized to act in various other representative capacities; upon order or request of the court, or upon request of any person under specified circumstances.[3] Neither ordinance, statute nor decision empowers a public defender to personally bring an action of this nature.

Petitioner contends his authority derives from "[t]he legislative intent in the progressive expansion of the duties of the public defender . . . ."

---

[2]Government Code section 27706, subdivision (a) reads as follows: "Upon request of the defendant or upon order of the court, the public defender shall defend, without expense to the defendant, except as provided by Section 987.8 of the Penal Code, any person who is not financially able to employ counsel and who is charged with the commission of any contempt or offense triable in the superior, municipal or justice courts at all stages of the proceedings, including the preliminary examination. The public defender shall, upon request, give counsel and advice to such person about any charge against the person upon which the public defender is conducting the defense, and shall prosecute all appeals to a higher court or courts of any person who has been convicted, where, in the opinion of the public defender, the appeal will or might reasonably be expected to result in the reversal or modification of the judgment of conviction."

[3]"(d) Upon request, or upon order of the court, the public defender shall represent any person who is not financially able to employ counsel in proceedings under Division 4 (commencing with Section 1400) of the Probate Code and Part 1 (commencing with Section 5000) of Division 5 of the Welfare and Institutions Code.

"(e) Upon order of the court, the public defender shall represent any person who is entitled to be represented by counsel but is not financially able to employ counsel in proceedings under Chapter 2 (commencing with Section 500) of Part 1 of Division 2 of the Welfare and Institutions Code.

"(f) Upon order of the court the public defender shall represent any person who is required to have counsel pursuant to Section 686.1 of the Penal Code.

"(g) Upon the order of the court or upon the request of the person involved, the public defender may represent any person who is not financially able to employ counsel in a proceeding of any nature relating to the nature or conditions of detention, of other restrictions prior to adjudication, of treatment, or of punishment resulting from criminal or juvenile proceedings.

"(b) Upon request, the public defender shall prosecute actions for the collection of wages and other demands of any person who is not financially able to employ counsel, where the sum involved does not exceed one hundred dollars ($100), and where, in the judgment of the public defender, the claim urged is valid and enforceable in the courts.

"(c) Upon request, the public defender shall defend any person who is not financially able to employ counsel in any civil litigation in which, in the judgment of the public defender, the person is being persecuted or unjustly harassed."

*(Ligda* v. *Superior Court* (1970) 5 Cal.App.3d 811, 825 [85 Cal.Rptr. 744].) *Ligda* is neither on point nor controlling.

In that case a deputy public defender was ordered by the trial court to assist a defendant acting in propria persona. The appellate court denied the petition of the Public Defender of Solano County for a writ of prohibition to annul the trial court's order. The deputy had already appeared in the cause and the court ordered him to "serve in the more limited ... function of advising and assisting ..." the particular defendant in his self-representation. Unlike the instant case, the deputy public defender in *Ligda* was acting: (1) pursuant to order of the trial court; and (2) on behalf of a specific individual. If the extension of the duties of the public defender in *Ligda* was a "progressive expansion" (as characterized by the court), the extension proposed here may be described as radical.[4]

*Bd. of Soc. Welfare* v. *County of L.A.* (1945) 27 Cal.2d 90 [162 P.2d 635], relied on by petitioner, likewise is not controlling. The social welfare board was acting under its statutory mandate "as the single State agency with full power to supervise every phase of the administration of the public assistance plans for which grants-in-aid are received from the United States Government in order to secure full compliance with the [pertinent] provisions of Titles 1 and 4 of the Federal Social Security Act" (Welf. & Inst. Code, § 103.5) ...." (P. 101.) The court concluded that since the duty to administer the public assistance plans was imposed on the board by law, it must have a means to enforce its orders and therefore mandamus was appropriate.

In the case at bar no similar statutory mandate, either explicitly or impliedly, authorizes the public defender to personally petition this court on behalf of all potential defendants to whom the guidelines might be applied. Moreover, the issues raised herein may be raised by writ or appeal in the context of his representation of a particular defendant.

Petitioner further asserts he is litigating his personal right to defend clients in the absence of the disputed guidelines. (Citing, e.g., *Bodinson Mfg. Co.* v. *California E. Com.* (1941) 17 Cal.2d 321 [109 P.2d 935]

---

[4]Petitioner complains the municipal court in promulgating such guidelines usurped a legislative function; yet he urges this court to construe Government Code section 27706 to expand his authority well beyond that conferred by the Legislature.

[employer asserting rights of employees when employer's financial status affected]; *Water District* v. *Stevens* (1929) 206 Cal. 400 [274 P. 538] [water district asserting rights of its users]; *Doe* v. *Bolton* (1972) 410 U.S. 179 [35 L.Ed.2d 201, 93 S.Ct. 739] reh. den. 410 U.S. 959 [35 L.Ed.2d 694, 93 S.Ct. 1410] [physicians against whom pertinent criminal abortion statutes operate have standing].) This concept is predicated on the theory that petitioner may vicariously attack the guidelines in question because his rights "are inextricably bound up" with the rights of criminal defendants who may be subjected to sentencing under the guidelines while they are represented by the office of the Sacramento Public Defender. The dubious right put forward appears to be the right to negotiate favorable plea bargains uninhibited by the discretionary guidelines. Admittedly, plea bargaining has acquired status as a recognized, beneficial practice, both to the defendant and the state (*People* v. *West* (1970) 3 Cal.3d 595, 604, 608 [91 Cal.Rptr. 385, 477 P.2d 409]), but even petitioner concedes such practice does not rise to the level of a constitutional or statutory right, either as to a criminal defense attorney or a criminal defendant.

Nor does the interest to plea negotiate for future clients who may be represented by petitioner as a result of court appointment on defendant's request create a beneficial interest sufficient to maintain this action. Petitioner's status for the purpose of stating a cause of action for a writ of prohibition in the instant case is no different from any other attorney, who may, from time to time, represent defendants in drunk driving or prostitution cases. Each has a duty to competently represent and defend his clients in such criminal actions. Petitioner's duty arises from statute upon court appointment or request by the defendant; the private attorney's duty arises from the contractual undertaking of representation.

In *Safer* v. *Superior Court* (1975) 15 Cal.3d 230 [124 Cal.Rptr. 174, 540 P.2d 14], the court found the Ventura County District Attorney exceeded his powers by intervening "in a contempt proceeding stemming from private civil litigation in order to enforce an injunctive order granted at the behest of one of the litigants." (P. 235.) There was no authorization for the district attorney to so proceed, and the court held "that a court acts in excess of its jurisdiction when it permits a district attorney to disregard the statutory confines of his authority ...." (P. 233.)

■ The authority of the public defender is limited by law to act in a representative capacity upon request or order of the court, or request of a particular defendant under specified circumstances, and therefore he may not proceed in his official capacity, on his own initiative, to raise issues detached from the representation of a particular defendant. For the same reason we would be acting in excess of our jurisdiction were we to grant this petition. (See *Safer* v. *Superior Court, supra*, 15 Cal.3d at p. 233.)

The stay is dissolved, the alternative writ of prohibition is discharged, and the peremptory writ is denied.

Puglia, P. J., and Blease, J., concurred.

A petition for a rehearing was denied January 7, 1982, and petitioner's application for a hearing by the Supreme Court was denied February 10, 1982. Reynoso, J., did not participate therein.